# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUST B. KREIS, IV,<br> Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 21-CV-2360 |
| NORTHAMPTON COUNTY<br>PRISON, *et al.*,<br> Defendants. | :<br>:<br>:<br>: |

## MEMORANDUM

**RUFE, J.**                             **SEPTEMBER 29, 2021**

Plaintiff August B. Kreis, IV has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations based on the conditions of his confinement. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *in Forma Pauperis*.[1] (ECF No. 6.) Since filing his original Complaint, Kreis has filed numerous documents that appear intended to supplement his Complaint. He has also filed two motions to amend his Complaint (ECF Nos. 9 and 13) and two Amended Complaints (ECF Nos. 27 and 28). Upon review of these documents, the Court considers that Kreis's "Memorandum to the Courts" filed on September 13, 2021 (*see* ECF No. 28 at 40) is the governing version of the pleading in this matter ("hereinafter Second Amended Complaint"). For the following reasons, the Court will dismiss the Second Amended Complaint and give Kreis the opportunity to file a Third Amended Complaint.

---

[1] Kreis's first motion for leave to proceed *in forma pauperis* was denied without prejudice because he did not file a prisoner account statement as required by 28 U.S.C. § 1915. He was granted additional time to file an account statement. (ECF No. 4.) Kreis filed a second motion for leave to proceed *in forma pauperis*, which included an account statement covering the period November 2020 through May 2021. (ECF No. 6 at 3-5.) Kreis also filed a statement describing his difficulty obtaining the necessary document from the Northampton County Prison. (ECF No. 5.) The Court deems Kreis to be in substantial compliance with the requirements of § 1915.

Briefly stated, the Second Amended Complaint contains a list of 22 Defendants, alleges constitutional claims under the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments, and demands compensatory damages of $1,200 and punitive damages of $500 million. Kreis appears to allege a claim for deliberate indifference to a serious medical need, as he asserts his CPAP device was broken. (ECF No. 28 at 40-41.) He also mentions a seizure disorder that was unmonitored. (*Id.* at 42.) However, most of his pleading appears to be a log or journal of daily events in his life, and it is unclear how any of the Defendants listed on page 40 of the pleading were involved in any constitutional violation.

Kreis is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit.² Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim under the same standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The Court must accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and determine whether the complaint, liberally construed, contains facts sufficient to state a plausible claim *Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) (quotation marks and citation omitted).

"In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* Furthermore, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019)

---

² However, as Kreis is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

(per curiam).  "Therefore, as a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."  *Smith v. Price*,  No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012).

Kreis may not have appreciated that, by serially filing Amended Complaints, he effectively abandoned the claims raised in his initial Complaint and Amended Complaints.  Many other documents filed by Kreis seemed to be attempts to further supplement his allegations, but this is not the proper way to bring claims before the Court.[3]

A complaint must comply with the requirements of Federal Rules of Civil Procedure 8 and 10.  To conform to Rule 8, a pleading must contain a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for the relief sought.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)).  "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs.  *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).  "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93.  "A district court may sua sponte dismiss a complaint for failure to comply with Rule 8 when the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Tucker v. Sec'y U.S. Dep't of*

---

[3] By Order dated September 27, 2021, this Court struck many of these filings.  (*See* ECF No. 34.)

*Health and Human Servs.*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Because no defendant could reasonably be expected to respond to it, the Second Amended Complaint will be dismissed for failure to comply with Rules 8 and 10 and Kreis may file a Third Amended Complaint. Any Third Amended Complaint must begin with a caption that identifies all defendants Kreis seeks to name. The Third Amended Complaint must list all defendants in the caption of the document and must state clearly and concisely the basis for Kreis's claims against each defendant. The Third Amended Complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. Kreis shall raise all factual allegations and legal claims that he seeks to bring against the defendants in his Third Amended Complaint. Any allegations or claims that are not included will not be considered part of this case.

An appropriate Order accompanies this Memorandum.

                               **BY THE COURT:**

                               /s/ Cynthia M. Rufe

                               **CYNTHIA M. RUFE, J.**