IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUST B. KREIS, IV, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-2360 |
| | : | |
| NORTHAMPTON COUNTY | : | |
| PRISON, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 29th day of September 2021, upon consideration of Plaintiff August B. Kreis, IV's Second Motion to Proceed *In Forma Pauperis* (ECF No. 6), his submission explaining his inability to obtain a Prisoner Trust Fund Account Statement (ECF No. 5) and account statement attached to his second motion (ECF No. 6 at 3-5), his *pro se* "Memorandum to the Courts" filed on September 13, 2021 (*see* ECF No. 28), which this Court construes as a Second Amended Complaint, it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    August B. Kreis, IV, #5264, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Northampton County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Kreis's inmate account; or (b) the average monthly balance in Kreis's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Kreis's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward

payments to the Clerk of Court equaling 20% of the preceding month's income credited to Kreis's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.  The Clerk of Court is directed to **SEND** a copy of this order to the Warden of Northampton County Prison.

4.  The Second Amended Complaint is **DEEMED** filed.

5.  The Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Court's accompanying Memorandum.

6.  Kreis may file a Third Amended Complaint within **30 days** of the date of this Order.  Any Third Amended Complaint must identify all defendants in the caption of the Third Amended Complaint in addition to identifying them in the body of the Third Amended Complaint and shall state the basis for Kreis's claims against each defendant.  The Third Amended Complaint must also provide as much identifying information for the defendants as possible.  Kreis may refer to a defendant by last name only if that is the only identifying information possessed.  If Kreis wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The Third Amended Complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  Kreis shall raise all factual allegations and legal claims that he seeks to bring against the defendants in his Third Amended Complaint as clearly and concisely as possible.  Any allegations or claims that are not included will not be considered part of this case.

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Kreis may file.

7. The Clerk of Court is **DIRECTED** to send Kreis a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Kreis may use this form to file his Third Amended Complaint if he chooses to do so.[2]

8. Upon the filing of a Third Amended Complaint the Clerk shall not make service until so **ORDERED** by the Court, so that Court may screen the Third Amended Complaint in accordance with 28 U.S.C. 1915(e)(2)(B).

9. The Motion to Amend (ECF No. 9) and "Motion Amendment" (ECF No. 13) are **DISMISSED AS MOOT**.

10. If Kreis does not wish to amend his Complaint and instead intends to stand on his Second Amended Complaint (ECF No. 28) as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

11. If Kreis fails to file any response to this Order, the Court will conclude that he intends to stand on his Complaint and will issue a final order dismissing this case.[3] *See Weber*,

---

[2] This form also is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F.

939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                **BY THE COURT:**

                                **/s/ Cynthia M. Rufe**

                                **CYNTHIA M. RUFE, J.**

---

App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).